# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-216-MR

| | |
|---|---|
| LEROY DAVIS, JR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN W. COLVIN, Acting )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 7] and the Defendant's Motion for Summary Judgment. [Doc. 9].

## I. BACKGROUND

Plaintiff claims as his impairment an injury to his left (non-dominant) hand and wrist as a result of being "clipped" by the passenger's side-view mirror of a car traveling on I-77 where Plaintiff was working as a member of a road maintenance crew. [Doc. 6-8 at 14 (T. at 190)]. On June 15, 2012, the Plaintiff protectively filed an application for a period of disability and disability insurance benefits, alleging an onset date of August 4, 2011. [Doc. 6-6 at 6 (Transcript ("T.") at 103)]. The Plaintiff's claim was denied initially

and on reconsideration by the state agency. [Doc. 6-4 at 9; 19 (T. at 75; 85)]. Upon the Plaintiff's request, a video/telephonic hearing was held before an Administrative Law Judge ("ALJ") on January 15, 2014. [Doc. 6-3 at 55 to 67 (T. at 54 to 66)]. The Plaintiff, present at the Social Security office in Hendersonville, North Carolina, appeared *pro se* by video link before the ALJ who was sitting in Greenville, South Carolina. Appearing by telephone audio link was Linda Jones, the vocational expert. [Id. at 56 (T. at 55)]. On March 31, 2014, the ALJ issued a written decision denying the Plaintiff benefits. [Id. at 19 to 27 (T. at 18 to 26)]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [Id. at 2 to 4 (T. at 1 to 3)]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to

uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted). "In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2012). The claimant "bears the burden of proving that he is disabled within the meaning of the Social Security Act." English v. Shalala, 10 F.3d 1080, 1082 (4th Cir. 1993). In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

At the first step, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. 20 C.F.R. §§ 404.1520, 416.920. If not, the case progresses to the second step where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies or a combination thereof which significantly limit the claimant's ability to perform

work activities, then no severe impairment is established and the claimant is not disabled. Id. Third, if a severe impairment is shown and meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. Fourth, if the severe impairment does not meet any of the Listings, then the ALJ determines the claimant's residual functional capacity ("RFC") and reviews the physical and mental demands of work done in the past. If the claimant can still perform his/her prior work despite the severe impairment, then a finding of not disabled is mandated. Id. If the claimant has a severe impairment but cannot perform past relevant work, then the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work that exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006) (noting Commissioner bears evidentiary burden at step five). The Commissioner may meet this burden by relying on the Medical–Vocational Guidelines ("Grids") found at 20 C.F.R. 404, Appendix 2 to Subpart P, if applicable, or by calling a vocational expert to testify. 20 C.F.R. § 404.1566. If the Commissioner succeeds in shouldering her burden at step

five, the claimant is not disabled. Otherwise, the claimant is entitled to benefits. In this case, the ALJ rendered a determination adverse to the Plaintiff at the fifth step.

## IV. THE ALJ'S DECISION

At steps one and two, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date and that he suffered a "left arm injury (20 C.F.R. 404.1520(c)) … a severe impairment as a result of a work accident." [Doc. 6-3 at 21; 25 (T. at 20; 24)]. At step three, the ALJ found that Plaintiff's impairment did not meet or equal one of the Listings. [Id. at 22 (T. at 21)]. At step four, the ALJ concluded that

> the claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b). The claimant has no impairment in the use of his dominant right upper extremity, but has only fifty percent function of the left upper extremity, and no use of that extremity in hot or cold work environments. In the alternative, the claimant's dominant right arm has no impairment of that extremity when its exertion [is] limited to light, but he is able to use the left upper extremity as only a helper.

[Id.]. The ALJ identified that Plaintiff's past work to include medium exertion (dump truck driver and delivery driver), and very heavy exertion (construction worker II) and further concluded that he could not perform past relevant work because his RFC was for less than a full range of light work. [Id. at 25 (T. at 24)].

6

With the Plaintiff having carried his burden through the first four steps, the ALJ then assessed whether, at step five, the Commissioner could meet her burden under the Grids to show Plaintiff was not disabled, or show Plaintiff was otherwise qualified for existing employment. Because Plaintiff's RFC did not encompass the *full range* of light work, the ALJ concluded that a Grid Rule 202.18 determination of "not disabled" was unwarranted. [Id. at 26 (T. at 25)]. Based upon the testimony of the vocational expert, however, the ALJ concluded that, considering the Plaintiff's age, education, work experience, and RFC, there were other jobs existing in the national economy that he was able to perform. [Id.]. The ALJ therefore concluded that the Plaintiff was "not disabled" as defined by the Social Security Act and denied benefits. [Id.].

## V.  DISCUSSION

The parties in this matter have filed cross motions for summary judgment. While not the model of clarity, Plaintiff's argument focuses on the ALJ's alleged failure to make any findings with regard to his claimed limitation based on severe pain syndrome or the symptoms of pain related to his hand and wrist impairment. Without such a finding, according to Plaintiff, the ALJ's RFC determination is erroneous and any opinions thereafter rendered by the vocational expert based upon an RFC omitting pain consideration are

7

likewise flawed. Due to this domino effect, Plaintiff asserts the ALJ's ultimate decision denying benefits is infirm. [Doc. 8 at 8 to 11]. The Commissioner, on the other hand, argues that Plaintiff failed to establish a limitation based upon severe pain syndrome and that the ALJ's RFC determination, made at step four where Plaintiff has the burden, is otherwise supported by substantial evidence. [Doc. 10 at 4 to 7].

Residual functional capacity is an administrative assessment of "the most" a claimant can still do despite his or her physical or mental limitations, including any related symptoms such as pain. SSR 96-8p, 61 Fed.Reg. 34,474, 1996 WL 374184 (Jul. 2, 1996); 20 C.F.R. §§ 404.1546(c); 404.943(c). In assessing a claimant's RFC, the ALJ must evaluate all of the claimant's medically determinable impairments, including non-severe impairments and symptoms, after considering all of the relevant evidence in the record. 20 C.F.R. § 404.1545(a). In determining a claimant's RFC, the ALJ must first identify the claimant's functional limitations or restrictions and then assess the claimant's work-related abilities on a *function-by-function basis.* SSR 96-8p (emphasis added). The Ruling explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily

8

activities, observations). … Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." Id.

In this matter, the ALJ failed to conduct a function-by-function analysis of Plaintiff's work-related abilities. Having failing to do so, the ALJ's RFC determination is unsupported.

Unlike the Initial Disability Determination and the Reconsideration Disability Determination conducted below where the state agency evaluators explicitly considered Plaintiff's lifting/carrying, pushing/pulling, and sitting/standing/walking limitations; his posture; his sight, hearing, and communications skills; and his reaching, grasping, handling, fingering, and feeling limitations [Doc. 6-4 (T. 68 to 85)], the ALJ addressed none of these. A fair reading of the ALJ's written decision leaves the reader with the firm impression that it is but a template, a preconceived form containing vacant sections, where the ALJ or staff may insert discrete summaries of medical source records, followed by boilerplate conclusory "findings" that purportedly are based upon the record material so inserted. For example, the written Decision states,

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairment could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity,

9

persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision. The claimant has a severe impairment as a result of a work accident. However, his limitations have been accounted for in the assessed residual functional capacity and do not support a finding of disability.

[Doc. 6-3 at 25 (T. at 24)]. In addition to the ALJ's failure to include the function-by-function analysis, the Decision reflects two other errors. First, despite stating that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision[,]" nowhere in the written Decision or in the transcript of the disability hearing does the ALJ make any explicit credibility determinations regarding any of the Plaintiff's statements. Second, noticeably absent from the written Decision is any summary or synthesis of the medical records Plaintiff brought to his disability hearing. These records were crucially important given that they represented the most up to date evidence surrounding the degree of impairment suffered by Plaintiff in his left wrist and hand. Ironically, the significance of this evidence was noted by the ALJ at Plaintiff's disability hearing:

> ALJ: Do you understand, Mr. Davis, that you have records that I don't have?
>
> CLMT: Yes, sir. I do understand.
>
> ALJ: My records from Carolina Hand go only through August 1, 2013.

>    CLMT: Yes, sir. I understand.
>
>    ALJ: Now I do see you had surgery in June 2013, for example. But I don't have anything after August. But we'll need to get that before I can rule on your case.
>
>    CLMT: Yes, sir.

[Doc. 6-3 at 63 (T. at 62)]. Despite stating his need to review Plaintiff's most recent medical evidence, the ALJ did not refer to such evidence at all in his written Decision. Also absent from the ALJ's analysis was any discussion of the Plaintiff's complaint of pain. The absence of any discussion by the ALJ of Plaintiff's pain is of particular significance in this case because Plaintiff complained of continued hand/wrist pain during his disability hearing and because Plaintiff's pain was documented in the notes compiled by his treating physician. This raises the strong implication that the ALJ failed to consider this evidence despite the requirement that the "RFC assessment must be based on *all* of the relevant evidence in the case record[.]" SSR 96-8p (emphasis in original).

To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). By failing to conduct a function-by-function analysis, and by failing to address Plaintiff's

symptom of pain or Plaintiff's credibility regarding his pain, the ALJ failed to connect specific record evidence to the pertinent legal standards when arriving at an RFC determination. Mascio v. Colvin, 780 F.3d 632, 639 (4th Cir. 2015) (the residual functional capacity assessment must be based on all of the relevant evidence in the case record including effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment). Accordingly, the Commissioner has not complied with the correct legal standards. Hays, 907 F.2d at 1456.

For all of these reasons, the Court concludes that a remand of this case is necessary.

## O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 7] is **GRANTED**, and that the Defendant's Motion for Summary Judgment [Doc. 9] is **DENIED**. Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and this case is hereby **REMANDED** for further administrative proceedings consistent with this opinion.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: June 13, 2016

Martin Reidinger
United States District Judge